FILED
2018 Jul-31 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| S. MARIE VERNON, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 1:18-cv-496-ACA |
| | } |
| CENTRAL ALABAMA | } |
| COMMUNITY COLLEGE, et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendants Central Alabama Community College ("CACC") and Dr. Susan Burrow's partial motion to dismiss Plaintiff S. Marie Vernon's complaint. (Doc. 5). The parties have fully briefed the motion. (Docs. 5, 9, 10). For the reasons explained below, the court **GRANTS** the motion but gives Ms. Vernon an opportunity to replead her hostile work environment claim against CACC.

## I. STANDARD OF REVIEW

### A. Rule 12(b)(1) Standard

To the extent that the Defendants argue that Eleventh Amendment sovereign immunity bars Ms. Vernon's claims, the court construes the Defendants' motion as one for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). *See McClendon v. Ga. Dep't. of Community Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) ("Because the Eleventh Amendment represents a constitutional limitation on the federal judicial power established in Article III, . . . , federal courts lack jurisdiction to entertain suits that are barred by the Eleventh Amendment.") (internal citation omitted).

Rule 12(b)(1) enables a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may present either a facial or a factual challenge to subject matter jurisdiction. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). If it is apparent from the face of the complaint that the plaintiff has pled facts that confer subject matter jurisdiction under a statute, then a court must deny a defendant's 12(b)(1) motion. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). In conducting a facial analysis, a court must take the allegations of the complaint as true. *Houston*, 733 F.3d at 1335. In contrast, when a defendant mounts a factual challenge to subject matter jurisdiction, a district court may consider extrinsic

evidence and weigh the facts to determine whether it may exercise jurisdiction. *Houston*, 733 F.3d at 1336.

### B. Rule 12(b)(6) Standard

To the extent that the Defendants argue that Ms. Vernon's factual allegations fail to state a claim for relief, the court construes the motion as one for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. A complaint need not contain detailed factual allegations, but a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the

3

plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)). Although the court must accept well-pleaded facts as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## II. FACTUAL ALLEGATIONS AND BACKGROUND

Ms. Vernon is over the age of forty. (Doc. 1, ¶ 8). CACC hired Ms. Vernon on January 2, 2014 as the school's Director of Accounting. (Doc. 1, ¶ 12). CACC originally assigned Ms. Vernon to the Alexander City campus. CACC later assigned Ms. Vernon to the Childersburg campus. (Doc. 1, ¶ 12).

Ms. Vernon "performed all duties of Director of Accounting fully and completely." (Doc. 1, ¶ 13). Ms. Vernon alleges that she "supervised a staff which had been employed by Defendant CACC for which the Plaintiff received no support or assistance as male employees and younger employees who were in positions similarly situated to Plaintiff were given." (Doc. 1, ¶ 14). According to Ms. Vernon, CACC permitted her staff "to engage in hostile and antagonistic practices for which the Plaintiff received no support in disciplining her staff by Defendant CACC and [CACC's Interim President] Defendant Burrow." (Doc. 1, ¶ 15). CACC evaluated Ms. Vernon's job performance on three occasions within a period of less than two years, but CACC did not evaluate younger male employees

on a yearly basis. (Doc. 1, ¶ 17). By letter dated July 6, 2016, Dr. Burrow terminated Ms. Vernon's employment, and CACC replaced her with a younger male employee. (Doc. 1, ¶ 18).

Based on these facts, Ms. Vernon asserts the following claims against the Defendants: (1) Title VII gender discrimination; (2) ADEA age discrimination; (3) Title VII and ADEA hostile work environment; (4) Title VII retaliation; and (5) 42 U.S.C. § 1983 equal protection.

CACC asks the court to dismiss Ms. Vernon's ADEA discrimination, Title VII and ADEA hostile work environment, Title VII retaliation, and § 1983 claims against the school. Dr. Burrow asks the court to dismiss Ms. Vernon's ADEA and Title VII claims and Ms. Vernon's official capacity § 1983 damages claim. (Doc. 5). The Defendants do not seek dismissal of Ms. Vernon's Title VII gender discrimination claim against CACC or Ms. Vernon's individual capacity § 1983 claim. (*See generally* Doc. 5; Doc. 10, pp. 5-6).

Ms. Vernon concedes that the court should dismiss her Title VII retaliation claim for failure to exhaust administrative remedies. (Doc. 9, p. 8). The court addresses Ms. Vernon's remaining claims below.

## III. DISCUSSION

### A. ADEA and Title VII Claims Against Dr. Burrow

Ms. Vernon does not specify whether she asserts individual capacity or official capacity claims, or both, against Dr. Burrow. Regardless, Ms. Vernon's complaint fails to state an ADEA or Title VII claim against Dr. Burrow.

Dr. Burrow, in her individual capacity, is not subject to suit under the ADEA or Title VII. *See Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (individuals "cannot be held liable under the ADEA or Title VII"); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.") (emphasis in original).

Because Ms. Vernon has named CACC as a defendant, official capacity ADEA and Title VII claims against Dr. Burrow are unnecessary. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks and citation omitted); *see also Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) (where an employer is a properly named defendant, claims against individual employees acting in their official capacities are unnecessary and can be dismissed).

Accordingly, the court **GRANTS** the Defendants' motion to dismiss Ms. Vernon's Title VII and ADEA claims against Dr. Burrow.

**B.     ADEA Claim Against CACC**

CACC argues that Ms. Vernon's ADEA claim is barred by sovereign immunity. "Put in its broadest form, the concept of sovereign immunity bars private citizens from suing states for damages." *Stroud v. McIntosh*, 722 F. 3d 1294, 1297 (11th Cir. 2013). There are two exceptions to Eleventh Amendment immunity. "[E]ither (1) Congress can abrogate sovereign immunity by enacting legislation to enforce the substantive provisions of the Fourteenth Amendment, or (2) a state can waive its sovereign immunity." *Id.* at 1298.

Although the ADEA authorizes suits against states, "the Supreme Court has held that Congress was without authority to abrogate states' sovereign immunity against ADEA claims." *Id.* (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000)). In *Kimel*, the Supreme Court explained that the ADEA "is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment," and the statute's "purported abrogation of the States' sovereign immunity is accordingly invalid." *Kimel*, 528 U.S. at 91. In addition, "Alabama has not waived its immunity before its own courts of ADEA claims." *Stroud*, 722 F. 3d at 1302.

Ms. Vernon recognizes these well-settled principles but counters that the state-agent immunity exception under *Ex parte Cranman*, 792 So. 2d 392 (Ala.

2000), saves her ADEA claims. (Doc. 9, pp. 5-6). The court is not persuaded. *Ex parte Cranman* does not alter *Kimel* or the fact that Alabama has not waived its sovereign immunity with respect to ADEA claims. Accordingly, Ms. Vernon may not assert ADEA claims against CACC. *See Stroud*, 722 F. 3d at 1303-04 (affirming dismissal of ADEA claims against Alabama state agency on sovereign immunity grounds because the agency did not waive its immunity from ADEA liability). Therefore, the court **GRANTS** the Defendants' motion to dismiss Ms. Vernon's ADEA claim against CACC.

Ms. Vernon requests an opportunity for leave to amend her complaint to assert an Alabama Age Discrimination Employment Act (AADEA) claim against CACC if the court determines that sovereign immunity bars her ADEA claim. (Doc. 9, p. 6). Ms. Vernon's request is futile because absolute immunity bars a state law AADEA claim against CACC.

Article I, section 14 of the Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14; *see Ex parte Tuscaloosa Cty.*, 796 So. 2d 1100, 1103 (Ala. 2000) ("Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state. . . ."). The Alabama Supreme Court "has described § 14 as an 'almost invincible' 'wall' of immunity." *Haley v. Barbour Cty.*, 885 So. 2d 783, 788 (Ala.

2004) (quoting *Ala. State Docks v. Saxon,* 631 So. 2d 943, 946 (Ala. 1994)). Absolute state immunity operates as a jurisdictional bar. *Larkins v. Dep't of Health and Mental Retardation,* 806 So. 2d 358, 363 (Ala. 2001) ("[A]n action contrary to the State's immunity is an action over which the courts of this State lack subject-matter jurisdiction.").

If the court were to permit Ms. Vernon to amend her complaint to include an AADEA claim, the court would not have jurisdiction over the claim. Thus, the court will not permit Ms. Vernon to amend her complaint in this manner. *See id.*; *see also Buchanan v. Ala. Dept. of Public Health*, 2006 WL 2989215, at *3 (M.D. Ala. Oct. 18, 2006) ("The Alabama legislature, unlike Congress, cannot validly abrogate the state's sovereign immunity to suit in federal court. The State of Alabama has not consented, and by its constitution cannot consent, to suit under this statute. Accordingly, the court will dismiss the plaintiff's implied claim under [the AADEA] for lack of jurisdiction.").

**C. Title VII and ADEA Hostile Work Environment Claim Against CACC**

To state a hostile work environment claim under either Title VII or the ADEA, a plaintiff must allege:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee []; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive

9

> working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Miller v. Kenworth of Dothan, Inc.*, 277 F. 3d 1269, 1275 (11th Cir. 2002).

To support her hostile work environment claim, Ms. Vernon alleges that her staff "was allowed to engage in hostile and antagonistic practices for which the Plaintiff received no support in disciplining her staff by Defendant CACC or Defendant Burrow." (Doc. 1, ¶ 15). For purposes of ruling on the Defendants' motion to dismiss, the court does not accept as true the conclusory allegation that Ms. Vernon's staff engaged in hostile and antagonistic practices. *See Twombly*, 550 U.S. at 555. Ms. Vernon's complaint provides no details about the nature of the hostile and antagonistic conduct, to whom the conduct was directed, how often the conduct occurred, or how the Defendants may be liable for the employees' conduct. From these facts, the court cannot infer that the Defendants harassed Ms. Vernon because of her age or gender or that any such harassment was sufficiently severe or pervasive enough to alter the terms and conditions of her employment. *See McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008) (whether harassment is objectively severe and pervasive depends on "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it

unreasonably interferes with an employee's work performance") (internal quotation marks and citation omitted).

Other allegations in the complaint are similarly deficient. In her complaint, Ms. Vernon asserts that the Defendants did not provide the same type of support or assistance to her as they provided to similarly situated younger men in supervisory roles and that the Defendants evaluated her on a more frequent basis than similarly situated younger male employees. (Doc. 1, ¶¶ 14, 17). These facts may demonstrate disparate treatment, but at the pleading stage, these facts do not state a claim for hostile work environment. Ms. Vernon has not alleged facts showing what type of support or assistance she did not receive, how frequently the Defendants denied her support and assistance that they provided to younger male employees, how the Defendants' failure to provide her with certain support or assistance or their more frequent evaluation of Ms. Vernon's performance is based on her age or gender, or how the Defendants' conduct altered the terms and conditions of her employment.

Ms. Vernon's complaint fails to state a hostile work environment claim against CACC. Therefore, the court **GRANTS** the Defendants' motion to dismiss Ms. Vernon's hostile work environment claim. The court will dismiss the claim without prejudice and give Ms. Vernon an opportunity to plead sufficient facts to state a plausible claim for relief.

## D. § 1983 Equal Protection Claims Against CACC and Dr. Burrow

The Defendants argue that Ms. Vernon's § 1983 equal protection claim is subject to dismissal for three reasons: (1) Ms. Vernon does not allege what protected class she belongs to for purposes of an equal protection claim; (2) sovereign immunity bars Ms. Vernon's § 1983 claim against CACC and her § 1983 official capacity damages claim against Dr. Burrow; and (3) the ADEA preempts a § 1983 claim for age discrimination. In response to the Defendants' motion to dismiss, Ms. Vernon states that "she is of the female gender and that she is a member of a protected class." (Doc. 9, p. 8). Ms. Vernon has clarified that she asserts a § 1983 gender discrimination claim, not a § 1983 age discrimination claim. Therefore, the court will not address the Defendants' first and third arguments for dismissal of this claim. The Defendants' second argument for dismissal is persuasive.

Sovereign immunity bars Ms. Vernon's § 1983 claim against CACC and her § 1983 damages claim against Dr. Burrow in her official capacity. The Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). In addition, Eleventh Amendment sovereign immunity bars a suit for damages against a state because Congress has not abrogated the states' sovereign immunity in § 1983 cases, and the State of Alabama has not waived its

12

immunity. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). Eleventh Amendment immunity also protects state officials from suit in their official capacity for § 1983 damages claims. *See Will*, 491 U.S. at 71 (explaining that a suit for money damages against a state official in her official capacity "is not a suit against the official but rather is a suit against the official's office," and therefore, "it is no different from a suit against the State itself").

Accordingly, Ms. Vernon has failed to state a § 1983 claim against CACC or a § 1983 damages claim against Dr. Burrow in her official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) ("[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment" regardless of the nature of the relief sought.); *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."). Therefore, the court **GRANTS** the Defendants' motion to dismiss Ms. Vernon's § 1983 claim against CACC and her § 1983 official capacity damages claim against Dr. Burrow.

## IV. CONCLUSION

For the reasons stated above, the court **GRANTS** the Defendants' partial motion to dismiss. (Doc. 5).

The court **DISMISSES WITH PREJUDICE** the following claims: (1) Ms. Vernon's Title VII and ADEA claims against Dr. Burrow; (2) Ms. Vernon's ADEA claim against CACC; (3) Ms. Vernon's Title VII retaliation claim against CACC; (4) Ms. Vernon's § 1983 equal protection claim against CACC; and (5) Ms. Vernon's § 1983 official capacity damages claim against Dr. Burrow.

The court **DISMISSES WITHOUT PREJUDICE** Ms. Vernon's Title VII and ADEA hostile work environment claim against the CACC. If Ms. Vernon wishes to amend her complaint to set forth a factual basis for this claim, Ms. Vernon shall file an amended complaint **within 14 days** of entry of this order.

As it stands, Ms. Vernon's Title VII gender discrimination claim against CACC and her individual capacity § 1983 equal protection claim against Dr. Burrow are the only pending claims in this action.

**DONE** and **ORDERED** this July 31, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE